CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 19 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DERRICK ALLEN MARTIN, ) | |
|     Plaintiff, ) | Civil Action No. 7:06CV00219 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CORPORAL CHRIS PLOGGER, ) | By Hon. Glen E. Conrad |
|     Defendant. ) | United States District Judge |

The plaintiff, Derrick Allen Martin, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against Corporal Chris Plogger, a correctional officer at the Rockbridge Regional Jail. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## Background

The plaintiff is presently incarcerated at Powhatan Correctional Center. He was previously incarcerated at the Rockbridge Regional Jail. The plaintiff alleges that while he was incarcerated at the jail, he was instructed to clean off an area of graffiti in the recreation yard. When he refused to clean off the graffiti, Corporal Plogger slammed the plaintiff into a brick wall and restrained the plaintiff until he could be transported to a holding cell. In the process, the plaintiff's eyeglasses were broken. The plaintiff alleges that he complained about the incident. However, officials at the jail advised him that it was his responsibility to have his eyeglasses fixed.

---

[1] This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

## Discussion

In order to state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed the plaintiff's allegations, the court concludes that the plaintiff has failed to allege facts sufficient to establish that Corporal Plogger violated his constitutional rights.

To the extent the plaintiff's allegations can be construed to assert an excessive force claim under the Eighth Amendment, the plaintiff's allegations are without merit. To establish an excessive force claim, an inmate must satisfy two elements: (1) that the correctional officer acted with a sufficiently culpable state of mind, and (2) that the harm inflicted on the inmate was sufficiently serious. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). With respect to the second element, an inmate "need not show that the force used caused an 'extreme deprivation' or 'serious' or 'significant' pain or injury to establish a cause of action." Id. (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)). However, absent the most extraordinary circumstances, an inmate must allege more than de minimis pain or injury. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994). In this case, the plaintiff does not allege that he suffered any injuries as a result of being slammed against the wall by Corporal Plogger. Although an inmate who suffers de minimis injuries may still recover if "extraordinary circumstances"[2] are present, Norman 25 F.3d at 1263, the court concludes that such circumstances do not exist in this case. Accordingly, the

---

[2] Extraordinary circumstances exist when the force used is "diabolic," "inhuman," or "repugnant to the conscience of mankind." Norman, 25 F.3d at 1263 (quoting Hudson, 503 U.S. at 8).

2

plaintiff's excessive force claim must be dismissed.

To the extent that the plaintiff's allegations can be construed to assert a due process claim under the Fourteenth Amendment, the plaintiff's allegations are similarly deficient. The intentional or negligent destruction of personal property by a correctional officer acting outside the scope of official policy or custom does not rise to the level of a constitutional violation, as long as the state provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 545 (1981). Given that the destruction of property is unauthorized, it would be impracticable for the state to provide a pre-deprivation hearing or other process. Hudson, 468 U.S. 517 (1984). Therefore, an adequate post-deprivation remedy, such as a grievance procedure or a state tort claim, suffices. Id. In this case, the plaintiff could have utilized the jail's grievance procedure to challenge the defendant's actions. Furthermore, other state law remedies, including the Virginia Tort Claims Act, were available to the plaintiff as a means to seek compensation for his broken glasses. See Wadhams v. Procunier, 772 F.2d 75, 77-78 (4th Cir. 1985); Ballance v. Young, 130 F.Supp.2d 762, 767 (W.D. Va. 2000). Thus, inasmuch as the plaintiff had adequate state remedies, the destruction of his glasses did not rise to the level of a constitutional violation.

## Conclusion

For the reasons stated, the court concludes that the plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).[3] The Clerk is directed to send certified copies of this memorandum opinion and

---

[3] Having reached this conclusion, the plaintiff's motion to proceed in forma pauperis will be dismissed as moot.

3

the accompanying order to the plaintiff and counsel of record for the defendant, if known.

**ENTER**: This 19th day of April, 2006.

_____
United States District Judge

4